1   STEPHEN M. HAYES (SBN 83583)
    CHERIE M. SUTHERLAND (SBN 217992)
2   HAYES SCOTT BONINO ELLINGSON
    GUSLANI SIMONSON & CLAUSE, LLP
3   999 Skyway Road, Suite 310
    San Carlos, California 94070
4   Telephone:    (650) 637-9100
    Facsimile:    (650) 637-8071
5
    Attorneys for Defendant
6   HANOVER INSURANCE COMPANY

7

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10  O'BRIEN WATTERS & DAVIS, LLP,          | CASE NO.:

11              Plaintiffs,                | DEFENDANT HANOVER INSURANCE
                                           | COMPANY'S NOTICE OF REMOVAL OF
12       v.                                | CIVIL ACTION UNDER 28 U.S.C.
                                           | SECTIONS 1332 AND 1441a [DIVERSITY
13  HANOVER INSURANCE COMPANY; and         | JURISDICTION];
    DOES 1 through 10, Inclusive           | DEMAND FOR JURY TRIAL
14
                Defendants.
15

16       **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

17       PLEASE TAKE NOTICE that defendant Hanover Insurance Company (hereinafter

18  "Hanover") hereby removes to this Court the state action described below:

19       1.    Hanover is a defendant in the civil action commenced on October 8, 2019 in the

20             Superior Court of the State of California, County of Sonoma, Case No. SCV-

21             265334, entitled *O'Brien Watters & Davis, LLP v. Hanover Insurance Company, et*

22             *al.*   A copy of the Complaint is attached hereto as Exhibit "1" and is incorporated as

23             part of this notice.  A copy of the First Amended Complaint is attached hereto as

24             Exhibit "2" and is incorporated as part of this notice.  The First Amended Complaint

25             was sent by regular mail, which was postmarked July 7, 2021, to Hanover's agent of

26             service of process, CT Corporation.

27       2.    Hanover filed its answer to the First Amended Complaint in state court on August 3,

28             2021.  A true and correct copy of its answer is attached hereto as Exhibit "3" and is

incorporated as part of this notice of removal and removal.

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one that may be removed to this Court by Hanover pursuant to the provisions of 28 U.S.C. section 1441, subdivision (a), in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs, and is between citizens of different states.

4. The fact that the amount in controversy exceeds the minimum requirement for diversity jurisdiction can be determined by the nature of the claims and the amount and type of the damages sought in the First Amended Complaint ("FAC").

5. The First Amended Complaint seeks damages for breach of contract. Hanover issued businessowners insurance policy no. OHF-9672185-05 ("the Policy") with O'Brien Watters & Davis, LLP as the named insured. (FAC, Exhibit BC-1.) The Policy Declarations Page identifies coverage limits for loss of business income for the "ACTUAL BUSINESS LOSS SUSTAINED NOT EXCEEDING 12 CONSECUTIVE MONTHS." (*Id.*) The Declarations Page at issue is attached to the First Amended Complaint as Exhibit BC-1.

6. This breach of contract action arises from plaintiff's claim for coverage for its business income loss arising from when plaintiff had to suspend business operations at its law offices as a result of the mandatory evacuation and power shutdown due to the wildfire commonly known as the "Tubbs Fire." (Complaint, BC-2.)

7. Plaintiff seeks loss of business income because the Tubbs Fire caused civil authority to force plaintiff O'Brien Watters & Davis, LLP to suspend business operations at its law offices. (FAC, BC-2.) Plaintiff alleges it submitted a claim, which included a claim for loss of income to the business due to the Tubbs Fire, but Hanover "failed to pay Plaintiff the full amount of its loss as required under the policy terms." (*Id.*) As a law firm, plaintiff's claim for insurance benefits for its alleged business income losses exceeds the minimum amount necessary for purposes of establishing diversity jurisdiction.

**DEFENDANT HANOVER INSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 AND 1441a [DIVERSITY JURISDICTION]/DEMAND FOR JURY TRIAL**

8.  As a result of the mandatory evacuation and sudden power shutdown, plaintiff's law firm was unable to operate for weeks in October 2017.  Plaintiff claims that impact on the law office continued after the evacuation was lifted and power restored.  Plaintiff claims the firm had to restore servers and data that resulted in further delay in production.  Plaintiff continued to pay its attorneys and staff with no to minimal production.  Also it was difficult to get their production back up to where it was prior to the Tubbs Fire, which plaintiff claims 2017 was on an upward trend for billable hours.  That is, plaintiff lost about three weeks of production and its overall operation was dramatically slowed during the last quarter of the year.  Plaintiff claims the loss of business income was over $105,000 for October 2017, only.

9.  At the time of the commencement of this action, and at all times since, Hanover has been, and still is, a corporation of the State of New Hampshire, being incorporated under the laws of New Hampshire, and has had and continues to have its principal place of business in Massachusetts.  Plaintiff is and has been and continues to be a citizen of the State of California.

Dated:  August 3, 2021        HAYES SCOTT BONINO ELLINGSON
GUSLANI SIMONSON & CLAUSE, LLP


By:  _/S/  Cherie M. Sutherland_
STEPHEN M. HAYES
CHERIE M. SUTHERLAND
Attorneys for Defendants
HANOVER INSURANCE COMPANY

## DEMAND FOR JURY TRIAL

Hanover Insurance Company hereby demands a trial by jury.

Dated:  August 3, 2021        HAYES SCOTT BONINO ELLINGSON
GUSLANI SIMONSON & CLAUSE, LLP


By:  _/S/  Cherie M. Sutherland_
STEPHEN M. HAYES
CHERIE M. SUTHERLAND
Attorneys for Defendants
HANOVER INSURANCE COMPANY

# EXHIBIT 1

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

O'BRIEN WATTERS & DAVIS, LLP
Michael G. Watters (CSB No. 63140)/Graden R. Tapley (CSB No. 222636)
3510 Unocal Place, Suite 200
Santa Rosa, CA 95403

TELEPHONE NO.: (707) 545-7010   FAX NO.*(Optional):* (707) 544-2861
E-MAIL ADDRESS *(Optional):* Mwatters@obrienlaw.com
ATTORNEY FOR *(Name):* O'Brien Watters & Davis, LLP

**FILED**

OCT 08 2019

Clerk of Superior Court of California,
County of Sonoma
By _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sonoma
STREET ADDRESS: 3055 Cleveland Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Rosa, CA 95403
BRANCH NAME:

PLAINTIFF: O'Brien Watters & Davis, LLP

DEFENDANT: Hanover Insurance Company

[X] DOES 1 TO 10

**CONTRACT**

[X] COMPLAINT          [ ] AMENDED COMPLAINT *(Number):*

[ ] CROSS-COMPLAINT     [ ] AMENDED CROSS-COMPLAINT *(Number):*

CASE NUMBER:
SCV 265334

**Jurisdiction** *(check all that apply):*
[ ] ACTION IS A LIMITED CIVIL CASE
    Amount demanded [ ] does not exceed $10,000
                    [ ] exceeds $10,000 but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

1. **Plaintiff*** *(name or names):* O'Brien Watters & Davis, LLP

   alleges causes of action against **defendant*** *(name or names):* Hanover Insurance Company

2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. a. Each plaintiff named above is a competent adult
      [X] except plaintiff *(name):* O'Brien Watters & Davis, LLP
          (1) [ ] a corporation qualified to do business in California
          (2) [ ] an unincorporated entity *(describe):*
          (3) [X] other *(specify):* Limited liability partnership

   b. [X] Plaintiff *(name):* O'Brien Watters & Davis, LLP
      a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*

      b. [X] has complied with all licensing requirements as a licensed *(specify):* Attorneys at law
   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant named above is a natural person
      [X] except defendant *(name):*                    [X] except defendant *(name):*
      Hanover Insurance Company                         DOES 1-3
      (1) [ ] a business organization, form unknown     (1) [X] a business organization, form unknown
      (2) [X] a corporation                             (2) [ ] a corporation
      (3) [ ] an unincorporated entity *(describe):*    (3) [ ] an unincorporated entity *(describe):*

      (4) [ ] a public entity *(describe):*             (4) [ ] a public entity *(describe):*

      (5) [ ] other *(specify):*                        (5) [ ] other *(specify):*

---

*If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.                    Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]     CEB   Essential Forms
                                     ceb.com  Forms              **COMPLAINT - Contract**

Code of Civil Procedure, § 425.12

OWD v. Hanover

PLD-C-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| OWD v. Hanover | |

4. *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff.
      (1) ☒ Doe defendants *(specify Doe numbers):* 4-5 were the agents or employees of the named defendants and acted within the scope of that agency or employment.
      (2) ☒ Doe defendants *(specify Doe numbers):* 6-10 are persons whose capacities are unknown to plaintiff.
   c. ☐ Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ has complied with applicable claims statutes, *or*
   b. ☐ is excused from complying because *(specify)* :

6. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

7. This court is the proper court because
   a. ☒ a defendant entered into the contract here.
   b. ☐ a defendant lived here when the contract was entered into.
   c. ☐ a defendant lives here now.
   d. ☒ the contract was to be performed here.
   e. ☒ a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. ☒ real property that is the subject of this action is located here.
   g. ☐ other *(specify)* :

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   ☒ Breach of Contract
   ☐ Common Counts
   ☒ Other *(specify)* : Breach of duty of good faith and fair dealing

9. ☒ Other allegations: At all times alleged herein Defendant(s) is an insurer authorized to issue insurance policies in California.

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. ☒ damages of: $ according to proof in an amount in excess of the court's minimum jurisdiction
    b. ☒ interest on the damages
       (1) ☒ according to proof
       (2) ☐ at the rate of *(specify):* percent per year from *(date)* :
    c. ☒ attorney's fees
       (1) ☐ of: $
       (2) ☒ according to proof.
    d. ☒ other *(specify)* : (1) prejudgment interest according to proof
       (2) punitive damages in an amount sufficient to deter and make an example of Defendants.

11. ☐ The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: October 8, 2019

O'BRIEN WATTERS & DAVIS

Graden R. Tapley
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001 [Rev. January 1, 2007]

CEB® Essential Forms
ceb.com

**COMPLAINT - Contract**

Page 2 of 2

OWD v. Hanover

PLD-C-001(1)

| SHORT TITLE:<br>OWD v. Hanover | CASE NUMBER: |
|---|---|

<u>First</u> _____ **CAUSE OF ACTION—Breach of Contract**
(number)

ATTACHMENT TO ☒ Complaint ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name):* O'Brien Watters & Davis, LLP

    alleges that on or about *(date):* 9/15/17
    a ☒ written ☐ oral ☐ other *(specify):*
    agreement was made between *(name parties to agreement):* O'Brien Watters & Davis, LLP and
                  Hanover Insurance Company
    ☐ A copy of the agreement is attached as Exhibit A, or
    ☒ The essential terms of the agreement ☐ are stated in Attachment BC-1 ☒ are as follows *(specify):*
    Plaintiff agreed to pay regular premiums in exchange for
    Defendants' promise to provide insurance coverage in the event
    it was necessary for Plaintiff to suspend operations.
    Relevant portions of the policy are included as Attachment
    BC-1.

BC-2. On or about *(dates):* 10/10/2017
    defendant breached the agreement by ☐ the acts specified in Attachment BC-2 ☒ the following acts
    *(specify):*
    On or about October 8, 2017 wildfires forced Plaintiff to
    suspend operations triggering coverage under the insurance
    policy. Plaintiff made a claim for coverage but Defendants
    failed to provide coverage as required under the policy terms.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
    excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
    ☐ as stated in Attachment BC-4 ☒ as follows *(specify):*
    In the amount Plaintiff was entitled to under the insurance
    policy but Defendants did not pay.

BC-5. ☒ Plaintiff is entitled to attorney fees by an agreement or a statute
        ☐ of $
        ☒ according to proof.
BC-6. ☒ Other:
        (1) This cause of action incorporates the
        allegations of the complaint as if alleged herein.

Page 3 of 3

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

**CAUSE OF ACTION—Breach of Contract**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov



OWD v. Hanover

O'BRIEN, WATTERS & DAVIS, LLP v HANOVER INS. CO.

Page 4

## SECOND CAUSE OF ACTION

## ATTACHMENT TO COMPLAINT

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

1.      This cause of action incorporates by reference all those allegations of the complaint and the first cause of action as if set forth herein.

2.      Defendants refused without any reasonable basis to perform its contractual duties under the contract by a conscious and deliberate act which unfairly frustrated the agreed common purpose and disappointed the reasonable expectations of Plaintiff thereby depriving Plaintiff of its benefits.  These failures continued even after Plaintiff protested to Defendants and Plaintiffs were powerless to obtain from Defendants compliance with their obligations.

3.      Plaintiff has suffered injuries and damages which were a direct and proximate result of Defendants' failures.

4.      Plaintiff is entitled to recover damages as prayed for herein.

O'BRIEN WATTERS & DAVIS, LLP
Attorneys at Law
P.O. Box 3759
Santa Rosa, CA 95402-3759
(707) 545-7010

ATTACHMENT BC-1



# BUSINESSOWNERS DECLARATION

## BUSINESSOWNERS RENEWAL DECLARATIONS

10

RENEWAL OF OHF 9672185

| Policy Number | Policy Period | | Coverage is Provided in the | Agency Code |
|---|---|---|---|---|
| | From | To | | |
| OHF-9672185-05 | 09/15/2017 | 09/15/2018 | HANOVER INSURANCE COMPANY | 570103700 |

**Named Insured and Address**

O'BRIEN, WATTERS & DAVIS, LLP
P.O. BOX 3759
SANTA ROSA, CA  95402

**Agent**

707-525-4150
GEORGE PETERSEN INSURANCE
AGENCY, INC.
PO BOX 3539
SANTA ROSA, CA  95402

**Policy Period:  Beginning and Ending at 12:01 a.m. Standard Time at the Location of the Described Premises.**

**Business Type:** PARTNERSHIP.

**Mortgagee/Loss Payable:**

SEE ADDITIONAL INTEREST SCHEDULE

**Business of the Named Insured:**
OFFICE.

onsideration of the premium, insurance is provided the Named Insured with respect to those premises described in the
dule below and with respect to those coverages and kinds of property for which a specific Limit of Insurance is shown,
ject to all of the terms of this policy including forms and endorsements made a part hereof:

## LOCATION SCHEDULE

**Described Premises:**

NO. 001 001    3510 UNOCAL PLACE,SUITE 200, SANTA ROSA, CA  95403

| SECTION I - PROPERTY | LIMITS OF INSURANCE | | | | | |
|---|---|---|---|---|---|---|
| | Loc No  001 | Bldg No 001 | Loc No | Bldg No | Loc No | Bldg No |
| Deductible Amount | $      500 | | $ | | $ | |
| Building Amount Valuation | NOT COVERED | | | | | |
| Business  Personal Property Valuation | $      811,490   RC | | | | | |
| Business Income | ACTUAL BUSINESS LOSS SUSTAINED NOT EXCEEDING 12 CONSECUTIVE MONTHS | | | | | |
| Business Income Waiting Period | Excluded / None / 24 hours / 48 hours /72 hours 24 HOURS | | | | | |
| SECTION II - LIABILITY | LIMITS OF INSURANCE | | | | | |

Liability and Medical Expenses Limits of Insurance:
Except for Damage to Premises Rented to You,  each paid claim for the following coverages reduce the Amount of Insurance we
provide during the applicable  annual  period.  Please refer to  SECTION II - LIABILITY, D. LIABILITY AND MEDICAL  EXPENSES
LIMITS OF INSURANCE, paragraph.4.  of the Businessowners Coverage Form.

| Liability and Medical Expenses Limit | $ 2,000,000 | Per Occurrence | $ 4,000,000 | Aggregate |
|---|---|---|---|---|
| cal Expenses | $    5,000 | Each Person | | |
| .age to Premises Rented to You | $  300,000 | All Perils | | |

Date Issued: 07/12/2017          ORIGINAL/INSURED       Payment Type:  DIRECT BILL

Collapse as described and limited in paragraphs (1), (2), (3), (4), (5), (6) and (7) above.

**e. Water Damage, Other Liquids, Powder or Molten Material Damage**

If loss or damage caused by or resulting from covered water or other liquid, powder or molten material damage loss occurs, we will also pay the cost to tear out and replace any part of the building or structure to repair damage to the system or appliance from which the water or other substance escapes.

We will not pay the cost to repair any defect that caused the loss or damage; but we will pay the cost to repair or replace damaged parts of fire extinguishing equipment if the damage:

(1) Results in discharge of any substance from an automatic fire protection system; or

(2) Is directly caused by freezing.

**f. Business Income**

When Business Income Coverage is provided under this policy:

(1) **Business Income**

(a) We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". The "suspension" must be caused by direct physical loss of or damage to a described premises shown in the Declarations and for which a Business Income Limit of Insurance is shown in the Declarations. The loss or damage must be caused by or result from a Covered Cause of Loss.

With respect to loss of or damage to personal property in the open or personal property in a vehicle, the described premises include the area within 1,000 feet of such premises.

With respect to the requirements set forth in the preceding paragraph, if you occupy only part of a building, your premises mean:

(i) The portion of the building which you rent, lease or occupy;

(ii) The area within 1,000 feet of the building or within 1,000 feet of the premises described in the Declarations, whichever distance is greater (with respect to loss of or damage to personal property in the open or personal property in a vehicle); and

(iii) Any area within the building or at the described premises, if that area services, or is used to gain access to, the portion of the building which you rent, lease or occupy.

(b) We will only pay for loss of Business Income that you sustain during the "period of restoration" and that occurs within the designated, consecutive number of months found on the Declarations Page beginning immediately after the date of direct physical loss or damage. For purposes of this insurance, all recoverable loss ceases when the "period of restoration" ends.

(c) **Business Income** means the:

(i) Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred if no physical loss or damage had occurred, but not including any Net Income that would likely have been earned as result of an increase in the volume of business due to favorable business conditions caused by the impact of the Covered Cause of Loss on customers or on other businesses;

(ii) Continuing normal operating expenses incurred, including "payroll expenses". However, if your business is not generating any income because you are primarily in research or development or have not yet brought your product to market, your continuing normal operating expenses, including "payroll expenses", will not be offset by the Net Loss; and

(iii) "Rental Value".



OHF 9672185      5701037

For manufacturing risks, Net Income includes the net sales value of production.

**(2) Extended Business Income**

If no Business Income Coverage is provided under this Coverage Form, then there is no Extended Business Income Coverage afforded under this Coverage Form.

**(a) Extended Business Income - Other Than Rental Value**

If the necessary "suspension" of your "operations" produces a Business Income loss payable under this Coverage Form, we will pay for the actual loss of Business Income you incur during the period that:

(i) Begins on the date property (except "finished stock") is actually repaired, rebuilt or replaced (to the extent necessary to resume "operations") and "operations" are resumed; and

(ii) Ends on the earlier of:

1) The date you could restore your "operations", with reasonable speed, to the level which would generate the Business Income amount that would have existed if no direct physical loss or damage had occurred; or

2) The number of consecutive days shown in the Additional Property Coverage

Business Income after the date determined in **(a) Extended Business Income - Other Than Rental Value,** paragraph **(i)** above.

However, Extended Business Income does not apply to loss of Business Income incurred as a result of unfavorable business conditions caused by the impact of the Covered Cause of Loss in the area where the described premises are located.

Loss of Business Income must be caused by direct physical loss or damage at the described premises caused by or resulting from any Covered Cause of Loss.

**(b) Extended Business Income - Rental Value**

If the necessary "suspension" of your "operations" produces a "rental value" loss payable under this Coverage Form, we will pay for the actual loss of "rental value" you incur during the period that:

(i) Begins the date property is actually repaired, rebuilt or replaced and tenantability is restored; and

(ii) Ends the earlier of:

1) The date you could restore tenant occupancy, with reasonable speed, to the level which would generate the "rental value" that would have existed if no direct physical loss or damage had occurred; or

2) The number of consecutive days shown in the Additional Property Coverage Schedule for Extended Business Income after the date determined in **(b) Extended Business Income - Rental Value,** paragraph **(i)** above.

However, Extended Business Income does not apply to loss of "rental value" incurred as a result of unfavorable business conditions caused by the impact of the Covered Cause of Loss in the area where the described premises are located.

Loss of "rental value" must be caused by direct physical loss or damage at the described premises caused by or resulting from any Covered Cause of Loss.

(iii) We will reduce the amount of your:

Business Income loss, other than Extra Expense, to the extent you can resume your "operations", in whole or in part, by using damaged or undamaged

24660

property (including merchandise or "stock") at the described premises or elsewhere.

(iv) If you do not resume "operations", or do not resume "operations" as quickly as possible, we will pay based on the length of time it would have taken to resume "operations" as quickly as possible.

This Additional Coverage is not subject to SECTION I - PROPERTY, C. Limits of Insurance.

g. **Extra Expense**

When Business Income Coverage is provided under this Coverage Form:

(1) We will pay the necessary Extra Expense you incur during the "period of restoration" that you would not have incurred if there had been no direct physical loss or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss. With respect to loss of or damage to personal property in the open or personal property in a vehicle, the described premises include the area within 1,000 feet of such premises.

With respect to the requirements set forth in the preceding paragraph, if you occupy only part of a building, your premises mean:

(a) The portion of the building which you rent, lease or occupy;

(b) The area within 1,000 feet of the building or within 1,000 feet of the premises described in the Declarations, whichever distance is greater (with respect to loss of or damage to personal property in the open or personal property in a vehicle); and

(c) Any area within the building or at the described premises, if that area services, or is used to gain access to, the portion of the building which you rent, lease or occupy.

(2) Extra Expense means expense incurred:

(a) To avoid or minimize the "suspension" of business and

to continue "operations":

(i) At the described premises; or

(ii) At replacement premises or at temporary locations, including relocation expenses, and costs to equip and operate the replacement or temporary locations.

(b) To minimize the "suspension" of business if you cannot continue "operations".

(c) To:

(i) Repair or replace any property; or

(ii) Research, replace or restore the lost information on damaged "valuable papers and records"

to the extent it reduces the amount of loss that otherwise would have been payable under this Additional Coverage or SECTION I - PROPERTY, A. Coverage, 5. Additional Coverage, f. Business Income.

With regard to paragraph (i) above, we will pay only for those expenses necessary to expedite the repair or replacement of the property. Under this provision we will not pay for any portion of the ordinary and expected cost to actually repair or replace property.

(3) We will only pay for Extra Expense that occurs within 12 consecutive months beginning immediately after the date of direct physical loss or damage.

(4) We will reduce the amount of your Extra Expense loss payment to the extent you can return "operations" to normal and discontinue such Extra Expense.

(5) If you do not resume "operations", or do not resume "operations" as quickly as possible, we will pay based on the length of time it would have taken to resume "operations" as quickly as possible.

This Additional Coverage is not subject to SECTION I - PROPERTY, C. Limits of Insurance.

h. **Pollutant Clean-Up and Removal**

We will pay your expense to extract "pollutants" from land or water at the



OHF9672185      5701037

described premises if the discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused by or results from a Covered Cause of Loss that occurs during the policy period. The expenses will be paid only if they are reported to us in writing within 180 days of the date on which the Covered Cause of Loss occurs.

This Additional Coverage does not apply to costs to test for, monitor or assess the existence, concentration or effects of "pollutants". But we will pay for testing which is performed in the course of extracting the "pollutants" from the land or water.

The most we will pay for each location under this Additional Coverage is $25,000 for the sum of all such expenses arising out of Covered Causes of Loss occurring during each separate 12 month period of this policy.

i. **Civil Authority**

When Business Income Coverage is provided under this Coverage Form:

(1) When a Covered Cause of Loss causes damage to property other than property at the described premises, we will pay for the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises due to direct physical loss or damage to property within one mile of the described premises, provided that both of the following apply:

(a) Access to the area immediately surrounding the damaged property is prohibited by civil authority as a result of the damage, and the described premises are within that area but are not more than one mile from the damaged property;

(b) The action of civil authority is taken in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause of Loss that caused the damage, or the action is taken to enable a civil authority to have unimpeded access to the damaged property.

(2) Civil Authority Coverage for Business Income will begin 72 hours after the time of the

first action of civil authority that prohibits access to the described premises and will apply for a period of up to four consecutive weeks from the date on which such coverage began.

Civil Authority Coverage for Extra Expense will begin immediately after the time of the first action of civil authority that prohibits access to the described premises and will end:

(a) Four consecutive weeks after the date of that action; or

(b) When your Civil Authority Coverage for Business Income ends;

whichever is later.

(3) The definitions of Business Income and Extra Expense contained in SECTION I - PROPERTY, A. Coverage, 5. Additional Coverages, f. Business Income; and g. Extra Expense also apply to this Additional Coverage.

j. **Money Orders and Counterfeit Money**

(1) We will pay for loss resulting directly from your having accepted in good faith, in exchange for merchandise, "money" or services:

(a) Money orders issued by any post office, express company or "financial institution" that are not paid upon presentation; or

(b) "Counterfeit money" that is acquired during the regular course of business.

(2) Under this Additional Coverage, all loss:

(a) Caused by one or more persons; or

(b) Involving a single act or series of related acts;

is considered one occurrence.

(3) The most we will pay for any loss under this Additional Coverage is $5,000.

k. **Forgery or Alteration**

(1) We will pay for loss resulting directly from forgery or alteration of any:

(a) Check, draft, promissory note, bill of exchange or similar written promises of payment in "money" that you or your agent has issued, or that was issued


391-1003 08 16      Includes copyrighted material of Insurance Services Office, Inc., with its permission.      Page 13 of 81

J24661

by someone who impersonates you or your agent; and

(b) Credit, debit or charge slips or documents, including signatures or the entry of a Personal Identification Number (PIN) into a "payment processing device" required with the use of any credit, debit, or charge card issued to you or any "employee" for business purposes.

(2) Under this Additional Coverage, all loss:

(a) Caused by one or more persons; or

(b) Involving a single act or series of related acts;

is considered one occurrence.

(3) If you are sued for refusing to pay the check, draft, promissory note, bill of exchange or similar written promises of payment in "money", on the basis that it has been forged or altered, and you have our written consent to defend against the suit, we will pay for any reasonable legal expenses that you incur in that defense.

(4) For purposes of this Additional Coverage, check includes a substitute check as defined by the United States Congress in the Check Clearing for the 21st Century Act and will be treated the same as the original it replaced.

(5) The most we will pay for any loss, including legal expenses, under this Additional Coverage is $25,000, unless a higher Limit of Insurance is shown in the Schedule of Amended Limits of Insurance.

I. Ordinance or Law

(1) This Additional Coverage applies only to buildings insured on a replacement cost basis.

(2) Application of Coverages:

The coverages provided under this Additional Coverage applies only if paragraphs (a) and (b) below, are satisfied and are then subject to the qualifications found in (c) below.

(a) The ordinance or law:

(i) Regulates the demolition, construction or repair of buildings, or establishes

zoning or land use requirements at the described premise;

(ii) Is in force at the time of loss; and

(iii) Was not in force at the time the involved construction was completed.

But coverage under this Additional Coverage applies only in response to the minimum requirements of the ordinance or law. Losses and costs incurred in complying with recommended actions or standards that exceed actual requirements are not covered under this Additional Coverage.

(b) The building sustains direct physical damage:

(i) That is covered under this Coverage Form and as a result of such damage, you are required to comply with the ordinance or law; or

(ii) That is covered under this Coverage Form and direct physical damage that is not covered under this Coverage Form and as a result of the building damage in its entirety, you are required to comply with the ordinance or law.

(iii) But if the damage is not covered under this Coverage Form and such damage is the subject of the ordinance or law, then there is no coverage under this Additional Coverage even if building has also sustained covered direct physical damage.

(c) In the situation described in (2) Application of Coverages, paragraph (b), subparagraph (ii) above, we will not pay the full amount of loss otherwise payable under the terms of coverages for Coverage for Loss to the Undamaged Portion of the Building, Demolition Cost Coverage or Increased Cost of Construction Coverage. Instead, we will pay a proportion of such loss, meaning the proportion that

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<div style="float:right">

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*



**FILED**

OCT 0 8 2019

Clerk of Superior Court of California,
County of Sonoma
By _____
Deputy Clerk

</div>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Hanover Insurance Company and Does 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
O'Brien Watters & Davis, LLP

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* | CASE NUMBER <br> *(Número del Caso):* SCV265334 |
|---|---|

Sonoma Superior Court
3055 Cleveland Avenue
Santa Rosa, CA 95403

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
O'BRIEN WATTERS & DAVIS, LLP /Michael G. Watters, Esq. (CSB No. 63140) /Graden R. Tapley (CSB No 222636)
3510 Unocal Place, Suite 200
Santa Rosa, CA 95403 (707) 545-7010

| DATE: <br> *(Fecha)* OCT 0 8 2019 | ARLENE D JUNIOR | Clerk, by <br> *(Secretario)* _____ | , Deputy <br> *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

MORGAN O'HALLERAN

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

CEB Essential Forms ceb.com

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

OWD v. Hanover

# EXHIBIT 2

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

O'BRIEN WATTERS & DAVIS, LLP
Michael G. Watters (CSB No. 63140)/Graden R. Tapley (CSB No. 222636)
3510 Unocal Place, Suite 200
Santa Rosa, CA 95403
TELEPHONE NO.: (707) 545-7010    FAX NO.*(Optional)*: (707) 544-2861
E-MAIL ADDRESS *(Optional)*:    Mwatters@obrienlaw.com
ATTORNEY FOR *(Name)*: O'Brien Watters & Davis, LLP

**ELECTRONICALLY FILED**
Superior Court of California
County of Sonoma
7/1/2021 11:26 AM
Arlene D. Junior, Clerk of the Court
By: Angela Mendia, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sonoma
STREET ADDRESS: 3055 Cleveland Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Rosa, CA 95403
BRANCH NAME:

PLAINTIFF: O'Brien Watters & Davis, LLP

DEFENDANT: Hanover Insurance Company

☒ DOES 1 TO 10

| CONTRACT | |
|---|---|
| ☐ COMPLAINT | ☒ AMENDED COMPLAINT *(Number)*: First |
| ☐ CROSS-COMPLAINT | ☐ AMENDED CROSS-COMPLAINT *(Number)*: |

| Jurisdiction *(check all that apply)*: | CASE NUMBER: |
|---|---|
| ☐ ACTION IS A LIMITED CIVIL CASE | SCV-265334 |
| Amount demanded ☐ does not exceed $10,000 | |
| ☐ exceeds $10,000 but does not exceed $25,000 | |
| ☒ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000) | |
| ☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint | |
| ☐ from limited to unlimited | |
| ☐ from unlimited to limited | |

1. Plaintiff* *(name or names)*: O'Brien Watters & Davis, LLP

   alleges causes of action against **defendant*** *(name or names)*: Hanover Insurance Company

2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. a. Each plaintiff named above is a competent adult
     ☒ except plaintiff *(name)*: O'Brien Watters & Davis, LLP
       (1) ☐ a corporation qualified to do business in California
       (2) ☐ an unincorporated entity *(describe)*:
       (3) ☒ other *(specify)*: Limited Liability Partnership

   b. ☒ Plaintiff *(name)*: O'Brien Watters & Davis, LLP
     a. ☐ has complied with the fictitious business name laws and is doing business under the fictitious name *(specify)*:

     b. ☒ has complied with all licensing requirements as a licensed *(specify)*: Attorneys at law
   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant named above is a natural person
     ☒ except defendant *(name)*:                          ☒ except defendant *(name)*:
       Hanover Insurance Company                            DOES 1-3
       (1) ☐ a business organization, form unknown          (1) ☒ a business organization, form unknown
       (2) ☒ a corporation                                  (2) ☐ a corporation
       (3) ☐ an unincorporated entity *(describe)*:         (3) ☐ an unincorporated entity *(describe)*:

       (4) ☐ a public entity *(describe)*:                  (4) ☐ a public entity *(describe)*:

       (5) ☐ other *(specify)*:                             (5) ☐ other *(specify)*:

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]    CEB Essential ceb.com Forms    **COMPLAINT - Contract**    Code of Civil Procedure, § 425.12

OWD v. Hanover

PLD-C-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| OWD v. Hanover | |

4. *(Continued)*
   b.  The true names of defendants sued as Does are unknown to plaintiff.
      (1) [X] Doe defendants *(specify Doe numbers):*   4-5   were the agents or employees of the named
           defendants and acted within the scope of that agency or employment.
      (2) [X] Doe defendants *(specify Doe numbers):*   6-10   are persons whose capacities are unknown to
           plaintiff.
   c. [ ] Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. [ ] Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. [ ] Plaintiff is required to comply with a claims statute, **and**
   a. [ ] has complied with applicable claims statutes, *or*
   b. [ ] is excused from complying because *(specify)* :

6. [ ] This action is subject to  [ ] Civil Code section 1812.10  [ ] Civil Code section 2984.4.

7. This court is the proper court because
   a. [X] a defendant entered into the contract here.
   b. [ ] a defendant lived here when the contract was entered into.
   c. [ ] a defendant lives here now.
   d. [X] the contract was to be performed here.
   e. [ ] a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. [X] real property that is the subject of this action is located here.
   g. [ ] other *(specify)* :

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or
   more causes of action attached)* :
   [X] Breach of Contract
   [ ] Common Counts
   [ ] Other *(specify)* :

9. [X] Other allegations:  At all times alleged herein Defendant(s) is an insurer
                        authorized to do business and issue insurance policies
                        in California.

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. [X] damages of: $ according to   proof and in an   amount in excess of the court's minimum
   b. [X] interest on the damages          jurisdiction & at least $30,000
      (1) [X] according to proof
      (2) [ ] at the rate of *(specify):*     percent per year from *(date)* :
   c. [ ] attorney's fees
      (1) [ ] of: $
      (2) [ ] according to proof.
   d. [X] other *(specify)* :  (1) prejudgment interest according to proof .

11. [ ] The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers)* :

Date: July 1, 2021

O'BRIEN WATTERS & DAVIS

Michael G. Watters

*michael B Watt*

(TYPE OR PRINT NAME)                             (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

CEB | **Essential**
ceb.com | **Forms**

                                           OWD v. Hanover

PLD-C-001(1)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| OWD v. Hanover | |

First <u>          </u>   **CAUSE OF ACTION-Breach of Contract**
_(number)_

ATTACHMENT TO ☒ Complaint   ☐ Cross-Complaint

_(Use a separate cause of action form for each cause of action.)_

BC-1. Plaintiff _(name)_:  O'Brien Watters & Davis, LLP

alleges that on or about _(date)_:  9/15/17
a ☒ written  ☐  oral ☐ other _(specify)_:
agreement was made between _(name parties to agreement)_: O'Brien Watters & Davis, LLP and
☐ A copy of the agreement is attached as Exhibit A, or        Hanover Insurance Company
☒ The essential terms of the agreement ☐ are stated in Attachment BC-1 ☒ are as follows _(specify)_:
Plaintiff agreed to pay regular premiums in exchange for
Defendants' promise to provide insurance coverage in the event
it was necessary for Plaintiff to suspend operations.
Relevant portions of the policy are included as Attachment
BC-1. A copy of selected pages from the insurance policy are
attached as EX "A".

BC-2. On or about _(dates)_:  10/10/2017
defendant breached the agreement by ☐ the acts specified in Attachment BC-2 ☒ the following acts
_(specify)_:
On or about October 8, 2017 the so-called Tubbs wildfires
caused civil authority to force Plaintiff to suspend business
operations at its law offices, triggering business interruption
coverage under the insurance policy.  Plaintiff made a claim for
coverage but Defendants failed to pay Plaintiff the full amount
of its loss as required under the policy terms.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
☐ as stated in Attachment BC-4 ☒ as follows _(specify)_:
In the amount Plaintiff was entitled to under the insurance
policy but Defendants failed and refused to pay.

BC-5. ☒ Plaintiff is entitled to attorney fees by an agreement or a statute
☐ of $
☒ according to proof.
BC-6. ☒ Other: (1) This cause of action incorporates the
allegations of the complaint as if fully alleged
herein.

Page 3 of 3

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]
**CAUSE OF ACTION-Breach of Contract**
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

CEB | Essential
ceb.com | Forms

OWD v. Hanover

ATTACHMENT BC-1



The Hanover
Insurance Group.

## BUSINESSOWNERS DECLARATION
### BUSINESSOWNERS RENEWAL DECLARATIONS

10

RENEWAL OF OHF 9672185

| Policy Number | Policy Period | | Coverage is Provided in the | Agency Code |
|---|---|---|---|---|
| | From | To | | |
| OHF-9672185-05 | 09/15/2017 | 09/15/2018 | HANOVER INSURANCE COMPANY | 570103700 |

**Named Insured and Address**

O'BRIEN, WATTERS & DAVIS, LLP
P.O. BOX 3759
SANTA ROSA, CA  95402

**Agent**

707-525-4150
GEORGE PETERSEN INSURANCE
AGENCY, INC.
PO BOX 3539
SANTA ROSA, CA  95402

**Policy Period:** Beginning and Ending at 12:01 a.m. Standard Time at the Location of the Described Premises.

**Business Type:** PARTNERSHIP.

**Mortgagee/Loss Payable:**

SEE ADDITIONAL INTEREST SCHEDULE

**Business of the Named Insured:**

OFFICE.

In consideration of the premium, insurance is provided the Named Insured with respect to those premises described in the schedule below and with respect to those coverages and kinds of property for which a specific Limit of Insurance is shown, subject to all of the terms of this policy including forms and endorsements made a part hereof:

### LOCATION SCHEDULE

**Described Premises:**

NO. 001 001    3510 UNOCAL PLACE, SUITE 200, SANTA ROSA, CA  95403

| SECTION I - PROPERTY | LIMITS OF INSURANCE | | | | | |
|---|---|---|---|---|---|---|
| | Loc No  001 | Bldg No 001 | Loc No | Bldg No | Loc No | Bldg No |
| Deductible Amount | $         500 | | $ | | $ | |
| Building Amount Valuation | NOT COVERED | | | | | |
| Business  Personal Property Valuation | $      811,490 RC | | | | | |
| Business Income | ACTUAL BUSINESS LOSS SUSTAINED NOT EXCEEDING 12 CONSECUTIVE MONTHS | | | | | |
| Business Income Waiting Period | Excluded / None / 24 hours / 48 hours /72 hours 24 HOURS | | | | | |
| SECTION II - LIABILITY | LIMITS OF INSURANCE | | | | | |

Liability and Medical Expenses Limits of Insurance:

Except for Damage to Premises Rented to You, each paid claim for the following coverages reduce the Amount of Insurance we provide during the applicable annual  period.  Please refer to  SECTION II – LIABILITY, D. LIABILITY AND MEDICAL  EXPENSES LIMITS OF INSURANCE, paragraph 4. of the Businessowners Coverage Form.

| Liability and Medical Expenses Limit | $ 2,000,000 | Per Occurrence | $ 4,000,000 | Aggregate |
|---|---|---|---|---|
| Medical Expenses | $       5,000 | Each Person | | |
| Damage to Premises Rented to You | $     300,000 | All Perils | | |

Date Issued: 07/12/2017          ORIGINAL/INSURED          Payment Type:  DIRECT BILL

EXHIBIT A

Collapse as described and limited in paragraphs (1), (2), (3), (4), (5), (6) and (7) above.

**e.  Water Damage, Other Liquids, Powder or Molten Material Damage**

If loss or damage caused by or resulting from covered water or other liquid, powder or molten material damage loss occurs, we will also pay the cost to tear out and replace any part of the building or structure to repair damage to the system or appliance from which the water or other substance escapes.

We will not pay the cost to repair any defect that caused the loss or damage; but we will pay the cost to repair or replace damaged parts of fire extinguishing equipment if the damage:

(1) Results in discharge of any substance from an automatic fire protection system; or

(2) Is directly caused by freezing.

**f.  Business Income**

When Business Income Coverage is provided under this policy:

(1) **Business Income**

(a) We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". The "suspension" must be caused by direct physical loss of or damage to a described premises shown in the Declarations and for which a Business Income Limit of Insurance is shown in the Declarations. The loss or damage must be caused by or result from a Covered Cause of Loss.

With respect to loss of or damage to personal property in the open or personal property in a vehicle, the described premises include the area within 1,000 feet of such premises.

With respect to the requirements set forth in the preceding paragraph, if you occupy only part of a building, your premises mean:

(i) The portion of the building which you rent, lease or occupy;

(ii) The area within 1,000 feet of the building or within 1,000 feet of the premises described in the Declarations, whichever distance is greater (with respect to loss of or damage to personal property in the open or personal property in a vehicle); and

(iii) Any area within the building or at the described premises, if that area services, or is used to gain access to, the portion of the building which you rent, lease or occupy.

(b) We will only pay for loss of Business Income that you sustain during the "period of restoration" and that occurs within the designated, consecutive number of months found on the Declarations Page beginning immediately after the date of direct physical loss or damage. For purposes of this insurance, all recoverable loss ceases when the "period of restoration" ends.

(c) Business Income means the:

(i) Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred if no physical loss or damage had occurred, but not including any Net Income that would likely have been earned as result of an increase in the volume of business due to favorable business conditions caused by the impact of the Covered Cause of Loss on customers or on other businesses;

(ii) Continuing normal operating expenses incurred, including "payroll expenses". However, if your business is not generating any income because you are primarily in research or development or have not yet brought your product to market, your continuing normal operating expenses, including "payroll expenses", will not be offset by the Net Loss; and

(iii) "Rental Value".



OHF9672185     5701037

For manufacturing risks, Net Income includes the net sales value of production.

(2) Extended Business Income

If no Business Income Coverage is provided under this Coverage Form, then there is no Extended Business Income Coverage afforded under this Coverage Form.

(a) Extended Business Income - Other Than Rental Value

If the necessary "suspension" of your "operations" produces a Business Income loss payable under this Coverage Form, we will pay for the actual loss of Business Income you incur during the period that:

(i) Begins on the date property (except "finished stock") is actually repaired, rebuilt or replaced (to the extent necessary to resume "operations") and "operations" are resumed; and

(ii) Ends on the earlier of:

1) The date you could restore your "operations", with reasonable speed, to the level which would generate the Business Income amount that would have existed if no direct physical loss or damage had occurred; or

2) The number of consecutive days shown in the Additional Property Coverage

Business Income after the date determined in (a) Extended Business Income - Other Than Rental Value, paragraph (i) above.

However, Extended Business Income does not apply to loss of Business Income incurred as a result of unfavorable business conditions caused by the impact of the Covered Cause of Loss in the area where the described premises are located.

Loss of Business Income must be caused by direct physical loss or damage at the described premises caused by or resulting from any Covered Cause of Loss.

(b) Extended Business Income - Rental Value

If the necessary "suspension" of your "operations" produces a "rental value" loss payable under this Coverage Form, we will pay for the actual loss of "rental value" you incur during the period that:

(i) Begins the date property is actually repaired, rebuilt or replaced and tenantability is restored; and

(ii) Ends the earlier of:

1) The date you could restore tenant occupancy, with reasonable speed, to the level which would generate the "rental value" that would have existed if no direct physical loss or damage had occurred; or

2) The number of consecutive days shown in the Additional Property Coverage Schedule for Extended Business Income after the date determined in (b) Extended Business Income - Rental Value, paragraph (i) above.

However, Extended Business Income does not apply to loss of "rental value" incurred as a result of unfavorable business conditions caused by the impact of the Covered Cause of Loss in the area where the described premises are located.

Loss of "rental value" must be caused by direct physical loss or damage at the described premises caused by or resulting from any Covered Cause of Loss.

(iii) We will reduce the amount of your:

Business Income loss, other than Extra Expense, to the extent you can resume your "operations", in whole or in part, by using damaged or undamaged

24G60

property (including merchandise or "stock") at the described premises or elsewhere.

(iv) If you do not resume "operations", or do not resume "operations" as quickly as possible, we will pay based on the length of time it would have taken to resume "operations" as quickly as possible.

This Additional Coverage is not subject to SECTION I - PROPERTY, C. Limits of Insurance.

g. Extra Expense

When Business Income Coverage is provided under this Coverage Form:

(1) We will pay the necessary Extra Expense you incur during the "period of restoration" that you would not have incurred if there had been no direct physical loss or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss. With respect to loss of or damage to personal property in the open or personal property in a vehicle, the described premises include the area within 1,000 feet of such premises.

With respect to the requirements set forth in the preceding paragraph, if you occupy only part of a building, your premises mean:

(a) The portion of the building which you rent, lease or occupy;

(b) The area within 1,000 feet of the building or within 1,000 feet of the premises described in the Declarations, whichever distance is greater (with respect to loss of or damage to personal property in the open or personal property in a vehicle); and

(c) Any area within the building or at the described premises, if that area services, or is used to gain access to, the portion of the building which you rent, lease or occupy.

(2) Extra Expense means expense incurred:

(a) To avoid or minimize the "suspension" of business and

to continue "operations":

(i) At the described premises; or

(ii) At replacement premises or at temporary locations, including relocation expenses, and costs to equip and operate the replacement or temporary locations.

(b) To minimize the "suspension" of business if you cannot continue "operations".

(c) To:

(i) Repair or replace any property; or

(ii) Research, replace or restore the lost information on damaged "valuable papers and records"

to the extent it reduces the amount of loss that otherwise would have been payable under this Additional Coverage or SECTION I - PROPERTY, A. Coverage, 5. Additional Coverage, f. Business Income.

With regard to paragraph (i) above, we will pay only, for those expenses necessary to expedite the repair or replacement of the property. Under this provision we will not pay for any portion of the ordinary and expected cost to actually repair or replace property.

(3) We will only pay for Extra Expense that occurs within 12 consecutive months beginning immediately after the date of direct physical loss or damage.

(4) We will reduce the amount of your Extra Expense loss payment to the extent you can return "operations" to normal and discontinue such Extra Expense.

(5) If you do not resume "operations", or do not resume "operations" as quickly as possible, we will pay based on the length of time it would have taken to resume "operations" as quickly as possible.

This Additional Coverage is not subject to SECTION I - PROPERTY, C. Limits of Insurance.

h. Pollutant Clean-Up and Removal

We will pay your expense to extract "pollutants" from land or water at the



OHF 9672185     5701037

described premises if the discharge, dispersal, seepage, migration, release or escape of the "pollutants" is caused by or results from a Covered Cause of Loss that occurs during the policy period. The expenses will be paid only if they are reported to us in writing within 180 days of the date on which the Covered Cause of Loss occurs.

This Additional Coverage does not apply to costs to test for, monitor or assess the existence, concentration or effects of "pollutants". But we will pay for testing which is performed in the course of extracting the "pollutants" from the land or water.

The most we will pay for each location under this Additional Coverage is $25,000 for the sum of all such expenses arising out of Covered Causes of Loss occurring during each separate 12 month period of this policy.

i.  Civil Authority

When Business Income Coverage is provided under this Coverage Form:

(1) When a Covered Cause of Loss causes damage to property other than property at the described premises, we will pay for the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises due to direct physical loss or damage to property within one mile of the described premises, provided that both of the following apply:

(a) Access to the area immediately surrounding the damaged property is prohibited by civil authority as a result of the damage, and the described premises are within that area but are not more than one mile from the damaged property;

(b) The action of civil authority is taken in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause of Loss that caused the damage, or the action is taken to enable a civil authority to have unimpeded access to the damaged property.

(2) Civil Authority Coverage for Business Income will begin 72 hours after the time of the

first action of civil authority that prohibits access to the described premises and will apply for a period of up to four consecutive weeks from the date on which such coverage began.

Civil Authority Coverage for Extra Expense will begin immediately after the time of the first action of civil authority that prohibits access to the described premises and will end:

(a) Four consecutive weeks after the date of that action; or

(b) When your Civil Authority Coverage for Business Income ends;

whichever is later.

(3) The definitions of Business Income and Extra Expense contained in SECTION I - PROPERTY, A. Coverage, 5. Additional Coverages, f. Business Income; and g. Extra Expense also apply to this Additional Coverage.

j.  Money Orders and Counterfeit Money

(1) We will pay for loss resulting directly from your having accepted in good faith, in exchange for merchandise, "money" or services:

(a) Money orders issued by any post office, express company or "financial institution" that are not paid upon presentation; or

(b) "Counterfeit money" that is acquired during the regular course of business.

(2) Under this Additional Coverage, all loss:

(a) Caused by one or more persons; or

(b) Involving a single act or series of related acts;

is considered one occurrence.

(3) The most we will pay for any loss under this Additional Coverage is $5,000.

k.  Forgery or Alteration

(1) We will pay for loss resulting directly from forgery or alteration of any:

(a) Check, draft, promissory note, bill of exchange or similar written promises of payment in "money" that you or your agent has issued, or that was issued

J24661

by someone who impersonates you or your agent; and

(b) Credit, debit or charge slips or documents, including signatures or the entry of a Personal Identification Number (PIN) into a "payment processing device" required with the use of any credit, debit, or charge card issued to you or any "employee" for business purposes.

(2) Under this Additional Coverage, all loss:

(a) Caused by one or more persons; or

(b) Involving a single act or series of related acts;

is considered one occurrence.

(3) If you are sued for refusing to pay the check, draft, promissory note, bill of exchange or similar written promises of payment in "money", on the basis that it has been forged or altered, and you have our written consent to defend against the suit, we will pay for any reasonable legal expenses that you incur in that defense.

(4) For purposes of this Additional Coverage, check includes a substitute check as defined by the United States Congress in the Check Clearing for the 21st Century Act and will be treated the same as the original it replaced.

(5) The most we will pay for any loss, including legal expenses, under this Additional Coverage is $25,000, unless a higher Limit of Insurance is shown in the Schedule of Amended Limits of Insurance.

I.  Ordinance or Law

(1) This Additional Coverage applies only to buildings insured on a replacement cost basis.

(2) Application of Coverages:

The coverages provided under this Additional Coverage applies only if paragraphs (a) and (b) below, are satisfied and are then subject to the qualifications found in (c) below.

(a) The ordinance or law:

(i) Regulates the demolition, construction or repair of buildings, or establishes

zoning or land use requirements at the described premise;

(ii) Is in force at the time of loss; and

(iii) Was not in force at the time the involved construction was completed.

But coverage under this Additional Coverage applies only in response to the minimum requirements of the ordinance or law. Losses and costs incurred in complying with recommended actions or standards that exceed actual requirements are not covered under this Additional Coverage.

(b) The building sustains direct physical damage:

(i) That is covered under this Coverage Form and as a result of such damage, you are required to comply with the ordinance or law; or

(ii) That is covered under this Coverage Form and direct physical damage that is not covered under this Coverage Form and as a result of the building damage in its entirety, you are required to comply with the ordinance or law.

(iii) But if the damage is not covered under this Coverage Form and such damage is the subject of the ordinance or law, then there is no coverage under this Additional Coverage even if building has also sustained covered direct physical damage.

(c) In the situation described in (2) Application of Coverages, paragraph (b), subparagraph (ii) above, we will not pay the full amount of loss otherwise payable under the terms of coverages for Coverage for Loss to the Undamaged Portion of the Building, Demolition Cost Coverage or Increased Cost of Construction Coverage. Instead, we will pay a proportion of such loss, meaning the proportion that

# EXHIBIT 3

1
2
3
4

STEPHEN M. HAYES (SBN 83583)
CHERIE M. SUTHERLAND (SBN 217992)
HAYES SCOTT BONINO ELLINGSON
GUSLANI SIMONSON & CLAUSE, LLP
999 Skyway Road, Suite 310
San Carlos, California 94070
Telephone:      (650) 637-9100
Facsimile:      (650) 637-8071

**ELECTRONICALLY FILED**
**Superior Court of California**
**County of Sonoma**
**8/3/2021 10:18 AM**
**Arlene D. Junior, Clerk of the Court**
**By: Angela Mendia, Deputy Clerk**

5
6

Attorneys for Defendant
HANOVER INSURANCE COMPANY

7

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

IN AND FOR THE COUNTY OF SONOMA

10

O'BRIEN WATTERS & DAVIS, LLP,

**CASE NO.: SCV-265334**

11

Plaintiffs,

**DEFENDANT HANOVER INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

12

v.

13

HANOVER INSURANCE COMPANY; and DOES 1 through 10, Inclusive

14

15

Defendants.

**Date Action Filed:**   October 8, 2019
**Trial Date:**   Not Yet Set

16

17

Defendant Hanover Insurance Company ("Hanover" or "this answering defendant"), in

18

answer to the unverified First Amended Complaint of plaintiff herein, herewith denies each and

19

every, all and singular, the allegations of said unverified First Amended Complaint, and in this

20

connection this answering defendant denies that plaintiffs have been injured or damaged in any of

21

the sums mentioned in said First Amended Complaint, or in any sum, or at all as the result of any

22

act or omission of this answering defendant.

23

AS A FIRST, SEPARATE DEFENSE TO THE FIRST AMENDED COMPLAINT ON

24

FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this

25

answering defendant alleges that said First Amended Complaint fails to state facts sufficient to

26

constitute a cause of action against this answering defendant.

27

AS A SECOND, SEPARATE DEFENSE TO THE FIRST AMENDED COMPLAINT ON

28

FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this

1857942

1

answering defendant alleges plaintiff's claims are barred because plaintiff failed to comply with the terms and conditions of the insurance policy or policies at issue in the First Amended Complaint, and because said policy or policies afforded no coverage or coverage was barred by one or more exclusions.

AS A THIRD SEPARATE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that the insurance policy at issue in the First Amended Complaint afforded no coverage, or coverage was barred, in whole or in part, by the terms, conditions, definitions, exclusions, provisions, and limitations contained in the contract of insurance issued by State Farm.

AS A FOURTH, SEPARATE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that plaintiff has waived and is estopped and barred from alleging the matters set forth in the First Amended Complaint.

AS A FIFTH, SEPARATE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant allege that said First Amended Complaint is barred by the doctrines of laches and unclean hands.

AS A SIXTH, SEPARATE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that at all times and places mentioned in the First Amended Complaint herein, plaintiff failed to mitigate the amount of their damages. The damages claimed by plaintiff could have been mitigated by due diligence on their part or by one acting under similar circumstances. The plaintiff's failure to mitigate is a bar to their recovery under the First Amended Complaint.

AS A SEVENTH, SEPARATE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that the injuries allegedly sustained by plaintiff were either wholly or

in part caused by plaintiff or persons, firms, corporations or entities other than this answering

defendant, and whose acts or omissions are imputed to plaintiff as a matter of law.

AS AN EIGHTH, SEPARATE DEFENSE TO THE FIRST AMENDED COMPLAINT ON

FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this

answering defendant alleges that at all times and places mentioned in the First Amended Complaint

herein, plaintiff failed to perform certain conditions precedent that were imposed upon plaintiff by

contract.  The non-performance of said conditions excused defendant's obligations under the

contract.

AS A NINTH SEPARATE DEFENSE TO THE FIRST AMENDED COMPLAINT ON

FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this

answering defendant alleges that plaintiff was careless in and about the matters alleged in the First

Amended Complaint, and that said carelessness on plaintiff's own part proximately contributed to

the happening of the incident and to the injuries, loss and damage complained of, if any there were;

that should plaintiff recover damages, this answering defendant is entitled to have the amount

thereof abated, reduced or eliminated to the extent that plaintiff's negligence caused or contributed

to their injuries, if any.

AS A TENTH, SEPARATE DEFENSE TO THE FIRST AMENDED COMPLAINT ON

FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this

answering defendant alleges that plaintiff cannot assert any contractual claims set forth in the First

Amended Complaint because plaintiff prevented performance of said contract.

AS AN ELEVENTH SEPARATE DEFENSE TO THE FIRST AMENDED COMPLAINT

ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN,

this answering defendant alleges that the sole and proximate cause of the circumstances and events

complained of by plaintiff in its First Amended Complaint were due to the acts or omissions of

persons and entities other than this answering defendant.

AS A TWELFTH, SEPARATE DEFENSE TO THE FIRST AMENDED COMPLAINT

ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN,

this answering defendant alleges that plaintiff cannot assert any contractual claims set forth in the

First Amended Complaint because plaintiff materially breached said contract.

AS A THIRTEEENTH, SEPARATE DEFENSE TO THE FIRST AMENDED COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that the alleged causes of action set forth in the First Amended Complaint are, and each of them is, barred by any applicable contractual suit limitation period and/or the statute of limitations set forth in sections 335 et seq. of the Code of Civil Procedure of the State of California, including but not limited to sections 337, 338, 339 and 340, or in the Policy at issue.

WHEREFORE, this answering defendant prays for judgment as follows:

1.  That plaintiff take nothing by its First Amended Complaint;

2.  For costs of suit incurred herein; and

3.  For such other and further relief as the Court deems proper.


Dated:  August 3, 2021

HAYES SCOTT BONINO ELLINGSON
GUSLANI SIMONSON & CLAUSE, LLP



By: _____
STEPHEN M. HAYES
CHERIE M. SUTHERLAND
Attorneys for Defendant
HANOVER INSURANCE COMPANY

**CASE NAME:**   *O'Brien Watters & Davis, LLP v. Hanover Insurance Company, et al.*
**CASE NO.:**   **Sonoma County Action No.: SCV-265334**

## PROOF OF SERVICE

  I am a resident of the State of California. My business address is 999 Skyway Road, Suite 310, San Carlos 94070. I am employed in the County of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

  On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**DEFENDANT HANOVER INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT**

 ☑ (BY E-MAIL) by transmitting via electronic mail the document(s) listed above to the email address(es) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

 ☑ (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Carlos, California.

Michael G. Watters         ***Attorneys for Plaintiff,***
Garden R. Tapley          ***O'Brien Watters & Davis, LLP***
O'Brien Watters & Davis, LLP
3510 Unocal Place, Suite 200
Santa Rosa, California 95403
Telephone: 707.545.7010
Facsimile: 707.544.2861
Email: mwatters@obrienlaw.com
Email: gtapley@obrienlaw.com

 ☑ *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

  Executed on August 3, 2021 at San Carlos, California.

            _____
              Dolores A Mayorga

**PROOF OF SERVICE - CASE NO.: SCV-265334**

**CASE NAME:**       *O'Brien Watters & Davis, LLP v. Hanover Insurance Company, et al.*
**CASE NO.:**

### PROOF OF SERVICE

I am a resident of the State of California. My business address is 999 Skyway Road, Suite 310, San Carlos 94070. I am employed in the County of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**DEFENDANT HANOVER INSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 AND 1441a [DIVERSITY JURISDICTION]; DEMAND FOR JURY TRIAL**

☑      (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Carlos, California.

Michael G. Watters                    *Attorneys for Plaintiff,*
Garden R. Tapley                      *O'Brien Watters & Davis, LLP*
O'Brien Watters & Davis, LLP
3510 Unocal Place, Suite 200
Santa Rosa, California 95403
Telephone: 707.545.7010
Facsimile: 707.544.2861
Email: mwatters@obrienlaw.com
Email: gtapley@obrienlaw.com

☑      *(Federal)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 3, 2021 at San Carlos, California.

_____
Abigail Calderon