1
2
3
4
5
6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

7
8
9
10
11
12
13

O'BRIEN WATTERS & DAVIS, LLP,

Plaintiff,

v.

HANOVER INSURANCE COMPANY,

Defendant.

Case No.  21-cv-06006-PJH

**ORDER GRANTING MOTION TO REMAND**

Re: Dkt. No. 8

United States District Court
Northern District of California

14      Plaintiff's motion to remand came on for hearing before this court on October 14,

15  2021.  Plaintiff appeared through its counsel, George Keller.  Defendant appeared

16  through its counsel, Stephen Ellingson.  Having read the papers filed by the parties and

17  carefully considered their arguments and the relevant legal authority, and good cause

18  appearing, the court hereby **GRANTS** the motion for the following reasons.

19      Under 28 U.S.C. § 1332(a)(1), federal courts have original jurisdiction over civil

20  actions "where the matter in controversy exceeds the sum or value of $ 75,000 . . . and is

21  between . . . citizens of different States."  If a plaintiff's complaint "demands monetary

22  relief of a stated sum, that sum, if asserted in good faith, is deemed to be the amount in

23  controversy."  Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 84

24  (2014) (internal quotation marks omitted).  Where it is "not facially evident from the

25  complaint that more than $75,000 is in controversy, the removing party must prove, by a

26  preponderance of the evidence, that the amount in controversy meets the jurisdictional

27  threshold."  Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir.

28  2003).  The court "resolves all ambiguity in favor of remand to state court."  Hunter v.

1    Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).  The parties agree that the only

2    issue is whether defendant has met its burden to show that the amount in controversy

3    meets the jurisdictional threshold.

4         The record does not support that the amount in controversy is more than $75,000.

5    Plaintiff filed this suit seeking coverage from its insurance policy with defendant for

6    business losses.  In the operative complaint, plaintiff sought damages "in an amount in

7    excess of the court's minimum jurisdiction & at least $30,000."  Dkt. No. 1 at 19.  At the

8    time plaintiff filed its complaint, defendant had paid $74,906 of the $105,000 that plaintiff

9    claimed in losses, leaving $30,094 in unpaid coverage.  Nothing in the record suggests

10   that plaintiff is seeking an amount significantly greater than $30,000.  Indeed, plaintiff

11   stipulates that it will not seek more than $75,000, inclusive of attorneys' fees and costs, in

12   state court.  Dkt. No. 10-1 at 2, ¶ 7.  While plaintiff's complaint does not expressly limit

13   the damages period, contrary to defendant's assertions, the court cannot read into the

14   complaint affirmative statements that are not there.  See Zolfaghari v. Wall&Associates,

15   Inc., No. 19-CV-08101-SVK, 2020 WL 733810, at *4 (N.D. Cal. Feb. 13, 2020) (finding

16   defendant failed to meet its burden because, in part, the complaint could be "read to

17   either include the $21,000,000.00 tax lien or to exclude it").  Accordingly, the court grants

18   plaintiff's motion to remand.

19        Plaintiff requests that the court order sanctions against defendant in the amount of

20   its attorneys' fees pursuant to Federal Rule of Civil Procedure ("FRCP") 11 and 28 U.S.C.

21   § 1447(c).  Both Civil Local Rule 7-8(a) and FRCP 11(c)(2) require that any motion for

22   sanctions be filed separately from any other motion.  As plaintiff did not file its request for

23   sanctions as a separate motion, the court denies the request.  Had plaintiff properly filed

24   its request for sanctions, however, the court is not persuaded that the record supports a

25   finding that defendant acted unreasonably or in bad faith with respect to its decision to

26   seek removal.

27                              **CONCLUSION**

28        For the reasons stated above, the court **GRANTS** plaintiff's motion to remand and

United States District Court
Northern District of California

1  **DENIES** its request for sanctions.  The Clerk shall forthwith remand this action to the

2  Sonoma County Superior Court.

3        **IT IS SO ORDERED.**

4  Dated: October 26, 2021

5                                             */s/ Phyllis J. Hamilton*

6                                             PHYLLIS J. HAMILTON
                                             United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28